**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-11096

TERRY LYNN JACKSON,

Petitioner-Appellee,

VERSUS

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice, Institutional Division,

Respondent-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

August 21, 1998

Before KING, SMITH and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Terry Lynn Jackson, Texas state prisoner # 671756, filed a petition for federal habeas relief, pursuant to 28 U.S.C. § 2254, alleging that he had received ineffective assistance of counsel on direct appeal from his state drug offense conviction. The district court conditionally granted Jackson's habeas petition, stating that the writ would not issue if, within a reasonable time, Jackson was

1

afforded an out-of-time direct appeal.  Respondent, Gary L. Johnson ("the State"), appeals.  We reverse.

## FACTS AND PROCEDURAL HISTORY

Following a jury trial in May 1994, Jackson was convicted of delivery of less than 28 grams of cocaine, sentenced to 80 years' imprisonment, and ordered to pay a $200,000 fine.

The following facts were adduced at trial: on August 9, 1993, Kaufman County, Texas, Deputy Sheriff Gregory Parks was operating as an undercover narcotics officer, riding through Terrell, Texas in a truck driven by confidential informant, Ronald Durbin.  The truck was fitted with a concealed video camera to record drug transactions on the passenger side of the vehicle.  At approximately 1:20 a.m., petitioner Jackson sold Parks twenty dollars' worth of crack cocaine (later identified by a chemist as .13 grams of cocaine).  The hidden camera recorded the transaction.

At trial, Jackson moved to suppress the videotape, asserting that it was not a clear and accurate depiction of the individual engaged in the drug transaction.  The trial court denied the motion, finding that the clarity of the tape went to the weight of the evidence, not the admissibility.  The videotape was played for the jury.  The jury asked to view the videotape again during deliberations, then returned a guilty verdict.

Confidential informant Durbin, who had known Jackson for five years, identified Jackson at trial as the individual who sold the

cocaine. However, he admitted that he relied on the videotape in making his identification.

Deputy Parks testified that his identification of Jackson was based on Durbin's knowledge of Jackson's identity and on a comparison of the videotape to a photographic lineup of suspects arrested for drug trafficking. Parks admitted that, without the videotape, he could provide only a very general description of the suspect. In his initial report, Parks did not record any of Jackson's distinguishing characteristics, such as that he had a beard, a pockmarked face, tattoos on his hands and was missing a front tooth.

Jackson's wife testified that she was able to adequately observe the person depicted in the videotape and that the person in the tape was not Jackson. Two other witnesses who were not present at the transaction identified Jackson solely on the basis of the videotape.

On direct appeal in state court, Jackson raised two grounds of error: 1) whether the videotape was improperly admitted due to its lack of clarity; and 2) whether the proper predicate had been laid prior to admission of the videotape into evidence. The state appellate court affirmed the conviction, finding that Jackson's claim that the videotape was improperly admitted was not preserved for review because the videotape had not been made part of the

3

record on appeal.[1]  Jackson's motion for rehearing, as well as his subsequent petition for discretionary review, were denied.

Jackson filed a state application for habeas corpus on January 29, 1996, challenging his confinement on several grounds, including that he had received ineffective assistance of counsel in connection with counsel's failure to submit the videotape for appellate consideration.  The state trial court denied Jackson's application, determining that he had received effective assistance of counsel.  *See Ex parte Jackson*, Application No. 17,492A (86th Judicial District Court, Kaufman County, Texas January 26, 1996)(unpublished).  The Texas Court of Criminal Appeals denied the petition without written order.  *See Ex parte Jackson*, Application No. 30,398-01 (Tex.Crim.App. March 27, 1996)(unpublished).

Jackson filed the instant petition for federal habeas relief, pursuant to 28 U.S.C. § 2254, in July 1996, renewing his argument that he had received ineffective assistance of counsel on several grounds, including that counsel had failed to submit a complete record to the state appellate court.  The parties consented to proceed before a magistrate judge.  The magistrate judge found that Jackson's counsel was deficient in failing to include the video tape in the record on appeal and that Jackson was prejudiced by the deficiency when the state appellate court declined to reach the

---

[1]The appeals court also found that Jackson's claim that there was not proper predicate for the videotape was not preserved for appellate review under the contemporaneous objection rule.

merits of his claim because the videotape was not included in the record. The magistrate judge therefore conditionally granting Jackson's habeas petition.

**DISCUSSION**

**a. Standard of review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to federal habeas petitions that were filed after its enactment. *Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997). The parties do not dispute that the AEDPA applies to Jackson's petition, filed in July, 1996. Under the AEDPA, if the state court has adjudicated the merits of the federal constitutional claim now raised in the federal habeas petition, the new standards of § 2254(d) apply. *See Drinkard v. Johnson*, 97 F.3d 751, 766-68 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997).

The State contends that its claim is reviewable under § 2254(d)(1), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudications of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. . . .

28 U.S.C. § 2254(d). This court must determine whether Jackson's claim was "adjudicated on the merits in State court proceedings"

5

and is thus subject to the rigorous § 2254(d)(1) standard of review.

Jackson's state petition for writ of habeas corpus was filed originally in the convicting court pursuant to Texas Code of Criminal Procedure, Art. 11.07. The state of Texas, represented by the criminal district attorney of Kaufman County, answered urging the trial court to give the attorney who served as Jackson's trial and appellate counsel an opportunity to respond to the ineffective assistance of counsel allegations. The state trial court ordered a hearing "which will consist only of an affidavit from Houston M. Smith concerning the allegations made in the petition in connection with his representation of [Jackson]." Smith complied with the order, filing an affidavit in which he listed various steps he took in representing Jackson and alleged that he provided Jackson with competent legal counsel at every stage of the proceedings. The state trial court entered an order finding "that the Petitioner was rendered effective assistance of counsel" and recommending that the writ petition be denied. Texas post-conviction procedures direct that:

> After the convicting court makes findings of fact . . . the clerk of the convicting court shall immediately transmit to the Court of Criminal Appeals, under one cover, the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact.

Art. 11.07, Sec. 3.(d). Jackson's writ was thus transmitted to the Court of Criminal Appeals, which denied relief without written

6

order, upon the findings and conclusions of the state trial judge, pursuant to Art. 11.07, Sec. 5.

We have previously found that Texas' post-conviction procedures provide petitioners "adjudication on the merits" sufficient to satisfy § 2254(d). In *Moore v. Johnson*, 101 F.3d 1069, 1075 (5th Cir. 1996), the state trial court conducted an evidentiary hearing, heard testimony and entered detailed findings of fact and conclusions of law in support of its conclusion that Moore failed to show ineffective assistance of counsel. The Court of Criminal Appeals then denied Moore's writ. We found such procedure sufficient to support the application of AEDPA's stringent standard of review. *See id.*

However, in *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1845 (1998), this court expressed reservations about applying the stringent AEDPA standard of review. Nobles' writ application was based on a claim that the state used false or misleading evidence in violation of his due process rights. To establish his claim, Nobles needed to show that the evidence was false, material and that the prosecution knew it was false. *See Giglio v. United States*, 405 U.S. 150, 153-54 (1972). The state habeas court ruled without evidentiary hearing that Nobles had not satisfied the "falsity" prong of *Giglio*, but did not address the "materiality" prong, which had become the focus of his federal writ.

The thoroughness of the state court's writ proceedings in this case fall somewhere between *Moore* and *Nobles*. The state trial court conducted a limited evidentiary hearing on affidavit, and held that Jackson had received effective assistance of counsel. The state court did not make detailed findings of fact and conclusions of law, nor did it specifically address counsel's undisputed failure to provide the state appellate court with an adequate record on direct appeal. However, we are convinced that the state court did rule against Jackson on the merits of his ineffective assistance of counsel claim and that ruling deserves the deference afforded state courts under the new AEDPA writ procedures. The court of conviction ruled explicitly on the merits and the denial of relief by the Court of Criminal Appeals serves, under Texas law, to dispose of the merits of the claim. *See Ex parte Torres*, 943 S.W.2d 469 (Tex.Crim.App. 1997)("denial" signifies that court addressed and rejected the merits of a particular claim, while "dismissal" means that the court declined to consider the claim for reasons unrelated to claim's merits.)

We therefore apply the AEDPA's deferential standard of review, which precludes the grant of Jackson's petition unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

8

evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). State court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Furthermore, when a petitioner challenges the application of law to fact, AEDPA permits federal court relief "only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996).

**b. Ineffective assistance of counsel on direct appeal**

To demonstrate that he received ineffective assistance, Jackson must show, under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), that counsel's assistance was deficient and that the deficiency prejudiced his defense. *See id*. at 687.

**1. Deficiency of representation**

The State does not challenge the magistrate judge's conclusion that Jackson's counsel performed deficiently in failing to supply the state court of appeals with the videotape. The Texas Rules of Appellate Procedure make clear that it was counsel's affirmative duty to include the videotape in the appellate record: "[t]he burden is on the appellant . . . to see that a sufficient record is presented to show error requiring reversal. TEX. R. APP. P. 50(d); *see also Ex parte Coy*, 909 S.W.2d 927, 928 (Tex.Crim.App.

9

1995)(finding counsel deficient in failing to include a videotape capturing the offense in the record before the court of appeals).

## 2. Prejudice

Rather, the State takes the position that Jackson has not demonstrated *Strickland* prejudice and that the ineffectiveness claim therefore fails. Jackson counters that he need not prove prejudice since counsel's deficiency resulted in a constructive complete denial of assistance of appellate counsel. The standard *Strickland* analysis is not performed when there has been actual or constructive complete denial of any assistance of appellate counsel. *See Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991). "If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish -- as a prerequisite to habeas relief -- that he had some chance of success on appeal." *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993).

We must determine, pursuant to § 2254(d)(1), whether clearly established Federal law, as determined by the Supreme Court of the United States, affords Jackson relief. The Supreme Court has held that when a criminal defendant receives no meaningful assistance at all from his court-appointed lawyer, he is constructively denied his Sixth Amendment right to counsel. *See United States v. Cronic*, 466 U.S. 648 (1984). However, Jackson can point to no clearly established Federal law from the Supreme Court that says, in

10

anything like his situation, that prejudice is presumed.

This court has held that the constructive-denial claim is a very narrow exception to the *Strickland* prejudice requirement:

> A constructive denial of counsel occurs . . . in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all.

*Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997)(internal quotation marks and citation omitted). We have found a constructive denial of counsel in cases involving the absence of counsel from the courtroom, conflicts of interest between defense counsel and the defendant, and official interference with the defense. *Id.* at 1228. We have indicated that constructive denial will also be found "when counsel fails 'to subject the prosecution's case to meaningful adversarial testing.'" *Id.*(citation omitted).

In contrast, this court has refused to presume prejudice when defense counsel investigated certain issues but not others; when counsel's trial preparation was "'somewhat casual;'" when counsel failed to pursue a challenge based on racial bias in jury selection; when counsel failed to object to a variation between the indictment and the jury charge; and when counsel failed to raise a meritorious issue on appeal. *Childress*, 103 F.3d at 1229 (citation omitted); *see also Sharp*, 930 F.2d at 452.

Examining these different holdings, the *Childress* court

11

explained that prejudice is presumed when the defendant demonstrates that counsel "was not merely incompetent but inert," distinguishing "shoddy representation from no representation at all." *Childress*, 103 F.3d at 1228-29. When the defendant complains of errors, omissions, or strategic blunders, prejudice is not presumed; "'bad lawyering, regardless of how bad, does not support the [per se] presumption' of prejudice. . . ." *Id.* at 1229 (citation omitted). The question is thus whether Jackson complains of counsel's "maladroit performance," in which case *Strickland* prejudice must be shown, or nonperformance, in which case prejudice is presumed. *See Childress*, 103 F.3d at 1229-30. Because Jackson's complaint is that of shoddy representation -- one essential error in the midst of otherwise adequate representation[2] -- rather than total absence of counsel, Jackson must demonstrate that the error complained of resulted in *Strickland* prejudice. *See Childress*, 103 F.3d at 1228-30.

The magistrate judge concluded that Jackson had made the required showing of prejudice by demonstrating that counsel's failure resulted in the state appellate court's refusal to reach the merits of the claim that the videotape was improperly admitted. The State challenges the magistrate judge's conclusion, arguing

---

[2]Counsel actively represented Jackson at trial, objecting to the State's evidence, cross-examining witnesses, and putting on defense witnesses and evidence. Counsel filed a timely appeal and submitted a complete appellate brief. Following the dismissal of the appeal, counsel submitted a timely motion for reconsideration.

12

that it incorrectly applied the *Strickland* prejudice standard.  The State argues that the "different result" contemplated by *Strickland* is not whether the court of appeals would have reached the merits of the claim had the videotape been produced, but whether the ultimate result of the appeal would have been different, i.e., whether Jackson's conviction would have been overturned.

We cannot affirm the magistrate judge's reasoning nor can we adopt the State's argument.  It is clear that under Federal law, as articulated by the Supreme Court of the United States, focus on mere outcome determination at the appellate level is defective. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  "[T]he presence or absence of prejudice, both with respect to claims of ineffective assistance of counsel at the trial and appellate levels, hinges upon the fairness of the trial and the reliability of the judgment of conviction resulting therefrom." *See Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1998).  "[T]he right to effective assistance of counsel, both at the trial and appellate level, 'is recognized not for its own sake, but because of the effect that it has on the ability of the accused to receive a fair trial.'" *Id.*   In *Goodwin*, this court held that no prejudice resulted from counsel's failure to raise on appeal an objection to the trial court's failure to provide the jury with a warranted jury instruction since the absence of the instruction in no way rendered the trial unfair or the verdict suspect.  *Id*. at 176.

13

Here, several witnesses testified that Jackson was the suspect who sold cocaine to Parks and who was depicted on the videotape, including Durbin, who had known him for five years. Further, Jackson's wife, a defense witness, testified that she could discern the identity of the person in the videotape, although she stated that the person was not Jackson. The reliability of the videotape and the weight to which it was entitled were questions appropriately entrusted to the jury. Jackson's trial and resultant judgment of conviction were not rendered unfair or unreliable because of the admission of the videotape. Under *Fretwell* and *Goodwin,* Jackson has not satisfied the prejudice prong of *Strickland.* Therefore, applying AEDPA's deferential standard of review, we cannot say that the State court erred in denying Jackson's requested relief.

## CONCLUSION

Based on the foregoing, we reverse the conditional grant of habeas corpus relief on Jackson's § 2254 petition.

REVERSED.

14