COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





RICHARD MACIAS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-02-00533-CR


Appeal from the


384th District Court


of El Paso County, Texas


(TC# 20010D01807)



M E M O R A N D U M O P I N I O N



 This is an appeal from a jury conviction for the offense of intoxication manslaughter. 
The jury assessed punishment at sixteen (16) years' imprisonment in the Institutional
Division of the Texas Department of Criminal Justice and a $5,000 fine. We affirm the
judgment of conviction. 

I. SUMMARY OF THE EVIDENCE


 At trial, the State utilized the testimony of Celina Gandara; the wife of the
complaining witness. She stated that on the evening of February 25, 2001, she and her
husband were driving on I-10 highway in El Paso, Texas. As they drove off an exit ramp,
the car malfunctioned and her husband stopped the car on the right side of the ramp. There
was enough room for other cars to pass. While her husband was pushing the car from
behind, a large cream-colored car struck him. The witness stated she was able to observe
Appellant, the driver of the vehicle. He did not appear to know what had happened and he
had the smell of alcohol about his person.

 Dolores Vargas testified that she and her husband were exiting the freeway when she
saw a man on the edge of the exit ramp pushing a vehicle. A large cream-colored car
immediately in front of their vehicle struck the man. Her husband testified that he saw a man
pushing a car in the far right side of the right of the exit ramp. He heard a collision and he
stopped to render assistance. 

 Appellant admitted to a responding police officer that he was the driver of the vehicle
that struck the complaining witnesses' car. There were no obstructions on the exit ramp. 
The exit ramp could accommodate two vehicles and the area was well lit. Inside the vehicle 
the officers found three beer cans. Appellant did poorly on the field sobriety tests that were
administered. Appellant blew two breath samples into the intoxilyzer and blood-alcohol
concentrations of .166 and .154 were registered. There were no skid or yaw marks at the
scene indicating that Appellant had not braked-he hit the complainant's vehicle head-on. 
There was testimony that Appellant crossed a double, white line when he exited the freeway
and got into the right lane. 


 El Paso County Medical Examiner Dr. Corinne Stern testified that she conducted an
autopsy on the complaining witness. She testified that he died from multiple blunt force
injuries. These injuries were consistent with a pedestrian being struck by a motor vehicle. 
She stated that a motor vehicle can be a deadly weapon and stated that the vehicle in this case
was a deadly weapon. 

 The jury found Appellant guilty of intoxicated manslaughter and made the affirmative
finding in response to a submitted special issue that Appellant used or exhibited a deadly
weapon, a motor vehicle, during the commission of the offense. 

II. DISCUSSION

 In Issue No. One, Appellant asserts that the court abused its discretion by not allowing
trial counsel to withdraw and not allowing Appellant to hire counsel of his own choice. In
an ex parte proceeding immediately prior to jury selection, Appellant took the stand. Trial
counsel questioned Appellant about plea offers he had turned down, the lack of witnesses
Appellant provided for his defense, and his lack of cooperation with trial counsel. Appellant
testified that he had told counsel that he wanted another attorney but that he could not afford
to hire one. Appellant thought he could now hire an attorney and he requested the court to
remove his trial attorney from the case so that an attorney could be hired. The court stated,
"That's not going to happen. This case is going to trial." There is nothing in the record to
indicate that Appellant had made any such request to the court prior to the hearing. Jury
selection was then conducted. 

 The trial court has discretion to determine whether counsel should be allowed to
withdraw from a case. King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); Green v.
State, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992), cert. den'd, 507 U.S. 1020, 113 S.Ct.
1819, 123 L.Ed.2d 449 (1993). The right to counsel may not be manipulated so as to obstruct
the judicial process or interfere with the administration of justice. King, 29 S.W.3d at 566;
Green, 840 S.W.2d at 408. Personality conflicts and disagreements concerning trial strategy
are typically not valid grounds for withdrawal. King, 29 S.W.3d at 566; Solis v. State, 792
S.W.2d 95, 100 (Tex. Crim. App. 1990). Whether the court has abused its discretion in
denying a continuance based on a request for withdrawal of counsel and thus acted
unreasonably or arbitrarily, must be gleaned from the facts and circumstances of each
particular case. Neal v. State, 689 S.W.2d 420, 427 (Tex. Crim. App. 1984). A critical
question in this analysis is the timing of the request. The Court of Criminal Appeals has
repeatedly held that an accused may not wait until the day of trial to demand different
counsel or to request that counsel be dismissed so that he may retain other counsel, because
such a delay interferes with the timely administration of justice. Webb v. State, 533 S.W.2d
780, 784 (Tex. Crim. App. 1976); Keys v. State, 486 S.W.2d 958 (Tex. Crim. App. 1972).

 In the instant case, there was no request to allow the withdrawal of counsel until
immediately before voir dire was to begin. While Appellant stated to the court that he could
at that time hire counsel, he did not indicate he had done so. We find that the testimony
adduced at the hearing substantiates that the court did not abuse its discretion in not allowing
the withdrawal of trial counsel. See Brown v. State, 464 S.W.2d 134, 137 (Tex. Crim. App.
1971).

 Citing Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998), Appellant also
maintains that he received no meaningful assistance from trial counsel, and he was
constructively denied his Sixth Amendment right to counsel to the extent he need not prove
prejudice under the second prong of the standard announced in Strickland v. Washington, 466
U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) regarding ineffective assistance
of counsel. Appellant concedes that the record is not adequate to develop an ordinary
ineffectiveness of counsel assertion. (1) In Jackson, the court stated that in certain rare
instances an accused could have been so bereft of representation that ineffective assistance
of counsel would be presumed without applying the second prong of the Strickland test. 
However, prejudice is presumed only when the defendant demonstrates that counsel "was not
merely incompetent but inert," distinguishing "shoddy representation from no representation
at all." Id. at 526, citing Childress v. Johnson, 103 F.3d 1221, 1229, 1228-29 (5th Cir.1997). 
When the defendant complains of errors, omissions, or strategic blunders, prejudice is not
presumed; "'bad lawyering, regardless of how bad, does not support the [per se] presumption'
of prejudice." Jackson, 150 F.3d at 525. We have examined the record in the present case
and do not find that trial counsel's representation was so derelict as to constitute constructive
denial of Appellant's Sixth Amendment right to representation. Issue No. One is overruled. 
 In Issue No. Two, Appellant maintains that the evidence was legally and factually
insufficient to sustain the affirmative finding of use of a deadly weapon. Appellant points
to the testimony of the coroner concerning the use of his car as a deadly weapon and reasons
that there is no evidence linking Appellant to the vehicle. Further, citing Naron v. State, 835
S.W.2d 642, 644 (Tex. Crim. App. 1992), Appellant maintains that the testimony does not
indicate that the vehicle as a weapon was used to achieve an intended result. 

 With regard to the second contention, in Naron, the Court of Criminal Appeals held
that in order to "use" a deadly weapon for affirmative finding purposes, the alleged deadly
weapon must be utilized to achieve an intended result, namely, the commission of a felony
offense separate and distinct from "mere" possession. However, in Tyra v. State, 897 S.W.2d
796 (Tex. Crim. App. 1995), the court stated that anything, including a motor vehicle, which
is actually used to cause the death of an individual is a deadly weapon. Id. at 798. 

 Regarding Appellant's first contention that the evidence is insufficient to link
Appellant to the use of the car as a deadly weapon, we find that the evidence is both legally
and factually sufficient. (2) The coroner testified that the vehicle was used as a deadly weapon. 
Appellant admitted to driving the vehicle and the evidence indicated that the victim died as
a result of multiple blunt force injuries consistent with a pedestrian being struck by a motor
vehicle; in this case, Appellant's vehicle which was used as a deadly weapon. Further, there
was testimony that Appellant was legally intoxicated, he did not break or attempt to avoid
a collision. Accordingly, Issue No. Two is overruled. 

 In Issue No. Three, Appellant argues that the submission of the deadly weapon finding
to the jury violated his substantive due process rights in that the jury can find use of a deadly
weapon without a finding of intent and because involuntary manslaughter is not included
specifically under the deadly weapon provision of the Code of Criminal Procedure. Further,
Appellant reasons that making a motor vehicle a per se deadly weapon violates due process
and the United State's Supreme Court's holding in Apprendi v. New Jersey. (3) Initially, we
note that Appellant did not raise these issues in the court below. To preserve a complaint for
our review, the complaining party must raise that particular complaint to the trial court and
obtain an adverse ruling. See Tex. R. App. P. 33.1. Furthermore, an objection must be
specific as to the grounds for complaint, and the objection preserves only the specific
grounds cited. Tex. R. App. P. 33.1(a)(1)(A); Butler v. State, 872 S.W.2d 227, 237 (Tex.
Crim. App. 1994), cert. denied, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). 
Accordingly, we find that Appellant has failed to preserve these issues for review.


 Having overruled Appellant's Issues No. One and Two, and further having found that
error has not be preserved as to Issue No. Three, we affirm the judgment of the trial court.

June 30, 2004


 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.



(Do Not Publish)
1. In most instances, the record on direct appeal is undeveloped and cannot adequately reflect the failings of
trial counsel necessitating a post-conviction writ of habeas corpus in order to develop the record. Thompson v. State,
9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). A defendant may rebut the presumption of effectiveness by
providing a record from which the appellate court may ascertain that trial counsel's performance was not based on
sound trial strategy. Parmer v. State, 38 S.W.3d 661, 666 (Tex. App.--Austin 2000, pet. ref'd). A defendant may
provide that record by filing a motion for new trial and obtaining a hearing thereon based on ineffective assistance of
counsel. Id. Any error in trial strategy will be deemed inadequate representation only if counsel's actions are
without any plausible basis. Id. A record that does not include any discernible explanation of the motivation behind
trial counsel's actions fails to establish whether his or her actions were of strategic design or were the result of
negligent conduct. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).
2. In evaluating legal and factual sufficiency, we follow the usual standards of review. See Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (legal sufficiency); King v. State, 29 S.W.3d 556, 563 (Tex.
Crim. App. 2000) (factual sufficiency).
3. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).