WILLIAM SMITH *v.* COMMISSIONER OF
CORRECTION
(AC 25134)

Bishop, DiPentima and McDonald, Js.

Argued February 10—officially released May 17, 2005

*Roseann C. Canny*, special public defender, for the appellant (petitioner).

*Gerard P. Eisenman*, senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. In this habeas corpus action, the petitioner, William Smith, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus following the denial of his petition for certification to appeal. He claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims of (1) constructive denial of trial counsel, (2) ineffective assistance of counsel at sentencing and (3) ineffective assistance of counsel at his habeas trial. We dismiss the petitioner's appeal.

The petitioner was convicted of murder in violation of General Statutes § 53a-54a (a) and conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a (a). From that judgment, the petitioner appealed to our Supreme Court, which affirmed the judgment of conviction. *State* v. *Smith*, 212 Conn. 593, 563 A.2d 671 (1989). The petitioner subsequently filed a

petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel, which was dismissed. *Smith* v. *Warden*, judicial district of Tolland, Docket No. 0000748 (February 17, 1994). On April 9, 2003, the petitioner filed an amended petition for writ of habeas corpus that alleged constructive denial of trial counsel, ineffective assistance of counsel at sentencing and ineffective assistance of counsel at his habeas trial. By memorandum of decision filed October 29, 2003, the court denied the petition and thereafter denied the petitioner certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004). With that standard in mind, we turn to the petitioner's claims on appeal.

I

The petitioner first claims that he was constructively denied the assistance of counsel at his criminal trial.

Generally, a petitioner bears the burden of demonstrating ineffective assistance of counsel by establishing both deficient performance and resulting prejudice "so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *United States* v. *Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), the United States Supreme Court recognized a narrow exception to *Strickland*'s holding. *Cronic* instructed that a presumption of prejudice applies in certain limited circumstances "when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance of counsel is so small that a presumption of prejudice is appropriate. . . ." Id., 659–60. The court explained that no showing of prejudice is required when counsel is either totally absent or prevented from assisting the accused during a critical stage in the proceeding, when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing" and when a defendant is "denied the right of effective cross-examination." Id., 659 & n.25. The United States Court of Appeals for the Second Circuit has stated that "[a]part from these rare instances . . . the *Strickland* two-part test of ineffectiveness generally applies." *United States* v. *Sanchez*, 790 F.2d 245, 254 (2d Cir.), cert. denied, 479 U.S. 989, 93 L. Ed. 2d 587, 107 S. Ct. 584 (1986).

The exception articulated in *Cronic* has become known as constructive denial of the assistance of counsel. See, e.g., *Perry* v. *Leeke*, 488 U.S. 272, 280, 109 S. Ct. 594, 102 L. Ed. 2d 624 (1989). "[C]ourts have been cautious in invoking *Cronic*'s dictum and its corresponding presumption of ineffectiveness. . . . [T]he [United States Court of Appeals for the] First Circuit has limited *Cronic*'s reach to extreme cases . . . the

rare instance . . . and certain particularly egregious situations . . . ." (Citations omitted; internal quotation marks omitted.) *United States* v. *Boyd*, 931 F. Sup. 968, 972 (D.R.I. 1996); see also *Jackson* v. *Johnson*, 150 F.3d 520, 524 (5th Cir. 1998) (constructive denial of counsel under *Cronic* "is a very narrow exception to the *Strickland* prejudice requirement"), cert. denied, 526 U.S. 1041, 119 S. Ct. 1339, 143 L. Ed. 2d 503 (1999); *Vines* v. *United States*, 28 F.3d 1123, 1128 n.8 (11th Cir. 1994) (*Cronic*'s applicability limited to cases in which " 'circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all' "); *Fink* v. *Lockhart*, 823 F.2d 204, 206 (8th Cir. 1987) (federal courts of appeal have applied *Cronic* "very narrowly and rarely have found a situation that justifies application of the presumption of prejudice"). The United States Supreme Court recently emphasized "just how infrequently the surrounding circumstances [will] justify a presumption of ineffectiveness . . . ." (Internal quotation marks omitted.) *Florida* v. *Nixon*, 543 U.S. 175, 190, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004).

The critical inquiry when reviewing a claim of constructive denial of the assistance of counsel is an examination of the circumstances surrounding a party's representation. *United States* v. *Cronic*, supra, 466 U.S. 662. With that in mind, it is curious that the petitioner has pursued a claim of constructive denial of counsel. The record reveals that in his prior habeas proceeding, the court concluded that the petitioner was provided effective assistance of counsel.[1] *Cronic*, however, requires that for a presumption of prejudice to apply, the surrounding circumstances must have "made it so unlikely that *any lawyer* could provide effective assistance that ineffectiveness was properly presumed with-

[1] The petitioner did not appeal from that judgment and does not dispute its underlying findings in his brief.

out inquiry into actual performance at trial.'"[2] (Emphasis added.) Id., 661. The limited exception enunciated in *Cronic* is therefore inapplicable to the present case.

## II

The petitioner next claims that he was denied effective assistance of counsel at his sentencing. In *Strickland* v. *Washington*, supra, 466 U.S. 668, the United States Supreme Court articulated a two part analysis for evaluating constitutional claims of ineffective assistance of counsel. "First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense." Id., 687. A reviewing court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Id., 697.

"The first part of the *Strickland* analysis requires the petitioner to establish that . . . counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . The right to counsel is not the right to perfect representation." (Citations omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 87 Conn. App. 560, 563, 867 A.2d 51 (2005).

The petitioner argues that his counsel's performance was deficient because he failed to call Judy Ann Densen-

[2] In his brief, after first stating that it is unnecessary to examine the actual performance of counsel in constructive denial of counsel claims, the petitioner inexplicably discusses several specific instances in which he claims that his counsel was deficient.

Gerber to testify at his sentencing hearing. Densen-Gerber was a forensic scientist who founded the Odyssey House in Bridgeport to treat drug addicted individuals, including the petitioner. Although the bulk of the evidence presented at the habeas trial focused on Densen-Gerber, at that proceeding she testified that she "[did] not have a clear recollection of [the petitioner]. I remember him vaguely, but no details about him."

Trial counsel for the petitioner stated that he originally wanted Densen-Gerber to testify. After speaking with her, however, his view changed. He testified that she was reluctant to get involved. Furthermore, he "thought she was crazy." The petitioner confirmed that his counsel conveyed his concerns regarding her testimony. In its memorandum of decision, the court stated that Densen-Gerber was a "slightly eccentric person" and concluded that in light of her eccentricity and reluctance to testify, counsel "made the tactical decision not to call her."

The petitioner also assails his counsel's failure to call family members to testify at his sentencing hearing. His counsel stated that the petitioner never once mentioned his family. The petitioner testified that his family "lives in Ohio and New Jersey," and acknowledged that he never contacted them. Although it may be preferable for counsel to inquire about a client's family, reasonable professional assistance may be rendered without so doing. We agree with the court that counsel's representation was not deficient. Accordingly, the court properly rejected the petitioner's claim.

## III

The petitioner's final claim is that he was denied effective assistance of counsel at his first habeas trial. His claim merits little discussion. The petitioner alleges that his counsel was deficient for not raising claims of (1) constructive denial of the assistance of trial counsel

and (2) ineffective assistance of counsel at his sentencing. We already have concluded that both claims are untenable. The decision not to pursue either claim reflects not carelessness, but rather prudence in the preparation of the petitioner's first habeas proceeding.

Having carefully reviewed the issues raised by the petitioner, as well as the court's resolution of those issues, we conclude that the petitioner has failed to demonstrate that the resolution of those issues warrants further review. Accordingly, the court did not abuse its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.