United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. No. 04-40470
Summary Calendar

BOBBY RAY FORD

Petitioner - Appellant

v.

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:02-CV-124
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Bobby Ray Ford, Texas inmate # 910732, appeals the denial of his 28 U.S.C. § 2254 habeas petition challenging his guilty plea conviction for assault with a deadly weapon, enhanced by two prior felony convictions. Ford alleged in his petition that he received ineffective assistance of counsel which rendered his guilty plea involuntary.

The court granted Ford's motion for a certificate of appealability on the issue whether there was an adjudication on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the merits of Ford's ineffective assistance of counsel claims in the state court and whether 28 U.S.C. § 2254(e) precluded the district court from conducting a de novo evidentiary hearing. Ford argues that there was no adjudication on the merits in the state court because there was no evidentiary hearing held and the state court did not issue any written factual findings regarding the claim. He contends that the district court should have conducted a de novo evidentiary hearing. The respondent argues that the Texas Court of Criminal Appeals's denial of Ford's application without a written order was an adjudication on the merits and that Ford was not entitled to an evidentiary hearing in the district court.

Although the Texas Court of Criminal Appeals's denial of the writ could signify that the court addressed and rejected the merits of the claim, see Jackson v. Johnson, 150 F.3d 520, 525 (5th Cir. 1998), the state trial court's inaction on the state petition raises a question whether there was an adjudication of the substantive claims on the merits. See Henderson v. Cockrell, 333 F.3d 592, 598 (5th Cir. 2003), cert. denied, 540 U.S. 1163 (2004). In denying Ford's claim of ineffective assistance of counsel on the merits, the district court determined that there was an adjudication on the merits by the state court and gave deference, pursuant to the Antiterrorism and Death Penalty Act standard, to the state court's determination of Ford's claim. If the district court erred in determining that there was an adjudication on the merits and in giving deference to the state

court's findings, the error was harmless because Ford's underlying claim is without merit under a de novo standard of review.

The record reflects that Ford was given specific instructions by the trial court regarding the consequences of his plea, including a statement of the sentence that he would receive under the plea bargain, and that the trial court ascertained that Ford understood and accepted the consequences of his plea. Counsel's advice to Ford was in conformity with the circumstances that he faced in light of the new incriminating evidence presented by the prosecution on the morning of trial. The record does not reflect that Ford would have proceeded to trial in the absence of ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Thus, Ford has failed to demonstrate that ineffective assistance rendered his plea involuntary.

The record was sufficient for the district court to resolve Ford's claims without conducting an evidentiary hearing. The transcript of Ford's rearraignment and the hearing on his motion for new trial provided the evidence necessary to resolve his claims of ineffective assistance. Ford did not demonstrate that he was entitled to an evidentiary hearing. McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998).

AFFIRMED; MOTION FOR PRODUCTION OF DOCUMENTS DENIED.