DANIEL DORCE *v.* COMMISSIONER
OF CORRECTION
(AC 29789)

Bishop, Alvord and Foti, Js.

Submitted on briefs November 17, 2009—officially released January 5, 2010

*Alan E. Dillon*, special public defender, filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, *Brenda Hans*, deputy assistant state's attorney, and *Laurie N. Feldman*, special deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Daniel Dorce, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court improperly (1) denied his petition for certification to appeal and (2) denied his petition for a writ of habeas corpus that was based on his claim of ineffective assistance of counsel. We dismiss the petitioner's appeal.

In September, 1999, the petitioner pleaded guilty to conspiracy to commit murder and received a sentence of ten years incarceration, suspended after twenty-seven months, followed by four years of probation.

On May 14, 2002, during the petitioner's probationary period, he was arrested and charged with attempt to sell narcotics, attempt to sell narcotics within 1500 feet of a school or housing project, possession of narcotics, possession of narcotics with intent to sell and possession of narcotics with intent to sell within 1500 feet of a school or housing project. On October 28, 2002, the petitioner was arraigned on a violation of probation charge. On April 14, 2004, the state filed a part B information, dated January 16, 2003, charging the petitioner as a persistent narcotics offender on the basis of his prior 1994 conviction for possession of narcotics with intent to sell.

On April 14, 2004, the petitioner, represented by Attorney Gary A. Mastronardi, pleaded guilty under an open plea[1] to a substitute one count information charging him with possession of narcotics with intent to sell as a persistent narcotics offender and to violation of probation. The court, *Alexander, J.*, continued the sentencing for three months. On July 27, 2004, the petitioner was sentenced to eighteen years incarceration followed by three years special parole on the narcotics charge as a persistent offender and, concurrently, to the remaining term of seven years and nine months on the violation of probation charge, for an effective sentence of eighteen years to serve with three years special parole.

In a three count amended petition for a writ of habeas corpus, the petitioner claimed that Mastronardi rendered ineffective assistance by failing to proceed with an evidentiary hearing on the petitioner's motion to suppress evidence that had been seized from his person when he was arrested and by failing to advise him adequately of the maximum exposure that he faced in

---

[1] Under an open plea, the petitioner's sentence was to be determined by the court rather than according to a prior negotiated sentence or plea agreement.

pleading guilty to a persistent narcotics offender charge under an open plea.[2] At the conclusion of the habeas trial on January 18, 2008, the court denied the petition in an oral decision.

The court concluded that, contrary to the petitioner's claim, the police had sufficient probable cause to arrest the petitioner on May 14, 2002, that Mastronardi's performance was not deficient in failing to pursue the motion to suppress because there was a significant risk of losing and that the petitioner's position would have been worse if the motion had been unsuccessfully litigated. With respect to the claim that Mastronardi had failed to advise the petitioner of the potential maximum sentence involved, the court stated: "I credit the testimony of . . . Mastronardi that the petitioner knew exactly what the consequences were in his case." The court subsequently denied the petition for certification to appeal from the judgment denying the habeas petition. This appeal followed.

We first consider the petitioner's claim that the habeas court improperly denied his petition for certification to appeal. The standard of review is well settled. "We examine the petitioner's underlying claim . . . to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States

---

[2] The petitioner also alleged that Mastronardi provided ineffective assistance by failing to engage in meaningful plea negotiations with the state. The habeas court rejected that claim, and the petitioner has not challenged the court's judgment with respect to that count of the amended petition.

Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *McClam* v. *Commissioner of Correction*, 98 Conn. App. 432, 435–36, 909 A.2d 72 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). "A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 89 Conn. App. 134, 139, 871 A.2d 1103, cert. denied, 275 Conn. 909, 882 A.2d 676 (2005).

"For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . . To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Toles* v. *Commissioner of Correction*, 113 Conn. App. 717, 722–23, 967 A.2d 576, cert. denied, 293 Conn. 906, 978 A.2d 1114 (2009).

We first examine the petitioner's claim that the court improperly concluded that Mastronardi's failure to pursue the motion to suppress did not constitute ineffective assistance. The petitioner argues that the motion would have been successful because there was no probable cause for the police to detain and to search him on May 14, 2002. We agree with the court's determination that Mastronardi's strategic decision not to pursue the motion to suppress did not constitute deficient performance.

The court's factual findings and conclusions in its oral decision were supported fully by the testimony and exhibits presented at trial. Jose Ortiz had been arrested by warrant as part of a sting operation and agreed to help the police pursue an individual known as Shadow, the petitioner's street name, in exchange for consideration in his own case. The police knew the petitioner's background, his involvement in the drug trade and his history of prior arrests and convictions. They also knew the petitioner's cellular telephone number. Ortiz, in the presence of officers at the police department, telephoned the petitioner and arranged to meet him in the area of North and Sexton Streets to purchase drugs. Shortly thereafter, the petitioner called back Ortiz at the police department, and the petitioner's cellular telephone number was prominently displayed on the caller identification feature. At the arranged time of the drug transaction, other police officers, who knew and recognized the petitioner, saw him in the designated area. The petitioner was arrested, and one of the officers found eighteen bags of heroin on his person.

From that testimony, the court concluded that the police had ample probable cause for the arrest and credited Mastronardi's assessment that he probably would not have prevailed if he had pursued the motion to suppress. The court also credited his testimony that

the state's offer would have increased if he had unsuccessfully litigated the motion. Accordingly, we conclude that the petitioner did not meet his burden of demonstrating that Mastronardi's performance was deficient.

With respect to the petitioner's claim that Mastronardi failed to advise him adequately of the maximum exposure that he faced in pleading guilty to a persistent narcotics offender charge under an open plea, the court explicitly stated that it found the testimony of Mastronardi to be credible. Mastronardi testified that he repeatedly had discussed the part B information with the petitioner and that the petitioner knew that he faced enhanced penalties by pleading guilty. "[I]t is axiomatic that [w]here there is conflicting testimony, it is uniquely the function of the trier of facts to weigh the evidence and assess the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Janulawicz*, 95 Conn. App. 569, 576, 897 A.2d 689 (2006).

The court also noted that Judge Alexander likewise informed the petitioner of the enhanced penalties on the part B information when he pleaded guilty on April 14, 2004. The petitioner indicated that he understood his exposure and expressed no surprise at the potential maximum sentence. Further, the matter was continued three months for sentencing, and, during that lengthy continuance, the petitioner did not move to withdraw his plea on the ground that he had not understood the consequences of that plea. We therefore conclude that the court properly determined that the petitioner failed to meet his burden of proof with respect to that count of his amended petition.

Upon our examination of the record and briefs, as well as the court's resolution of the issues presented in the habeas petition, we are not persuaded that the court abused its discretion in denying the petition for

certification to appeal. The petitioner has not demonstrated that the issues presented are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.

In this opinion the other judges concurred.