# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10280
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

RODNEY ADAM HURDSMAN,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-427

---

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

A jury found Rodney Adam Hurdsman, Texas prisoner # 02170782, guilty of theft of property valued at between $20,000 and $100,000 and, after finding the enhancement paragraphs alleging Hurdsman had prior convictions were true, sentenced him to 75 years of imprisonment. His conviction was affirmed on direct appeal, and the Texas Court of Criminal

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10280

Appeals (TCCA) refused his petition for discretionary review. Hurdsman then unsuccessfully sought state habeas relief.

Through counsel, Hurdsman filed a 28 U.S.C. § 2254 petition. Relevant here, he argued that (1) his trial counsel was ineffective during the plea-bargaining process because he did not advise the State that Hurdsman accepted the State's plea offer of 18 months of imprisonment and (2) he was denied counsel altogether during critical stages of the proceedings when retained attorneys withdrew from representation without giving notice to Hurdsman. He also requested an evidentiary hearing. The district court rejected his arguments on their merits and denied a certificate of appealability (COA). This court granted a COA on the two issues presented.

When a district court denies a federal habeas petition that is governed by § 2254(d), "this Court reviews the district court's findings of fact for clear error and its conclusions of law de novo, 'applying the same standard of review to the state court's decision as the district court.'" *Anaya v. Lumpkin*, 976 F.3d 545, 550 (5th Cir. 2020) (quoting *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003)).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state court's adjudication of an issue on the merits is entitled to deference. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011). Accordingly, relief under § 2254 shall not be granted unless the state court's adjudication of a claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1), (2).

Hurdsman first argues that his original trial counsel rendered ineffective assistance by failing to convey his acceptance of the State's plea

offer of 18 months imprisonment.  To prevail on an ineffective assistance of counsel claim, an applicant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice under *Strickland*, a petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *Id.* at 694.  In deciding ineffective assistance of counsel claims, the reviewing court need not address both prongs of *Strickland* but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

The state habeas court's rejection of this claim on the basis that the State made no 18-month offer and that Hurdsman suffered no prejudice was neither contrary to nor an unreasonable application of *Strickland* nor based on an unreasonable determination of the facts.  Put differently, given the record, the state court's conclusion was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Next, Hurdsman claims that he was denied counsel altogether through critical stages of the pretrial proceedings when his retained attorneys were permitted to withdraw from representation without notification in October 2014.  Over the next three years, Hurdsman remained in other jurisdictions facing unrelated charges.  Eventually, in July 2017, he was returned to Texas to face the charge of theft of property.  He avers that this three-year period is critical because when his attorneys abandoned him without notice, vital investigation, protection of trial rights, and negotiation were effectively halted.

Under *United States v. Cronic*, 466 U.S. 648 (1984), prejudice is presumed in a very narrow spectrum of cases where the circumstances

leading to counsel's ineffectiveness are so egregious that the defendant was, in effect, denied any meaningful assistance, *see Jackson v. Johnson*, 150 F.3d 520, 525 (5th Cir. 1998), such as where the defendant was completely denied counsel at a critical stage of the proceedings, *see United States v. Griffin*, 324 F.3d 330, 363 (5th Cir. 2003).  Hurdsman has failed to demonstrate that the state habeas court's rejection of this argument was contrary to or an unreasonable application of *Cronic*.  Thus, the district court did not err in rejecting this claim.  *See Richter*, 562 U.S. at 103.

Lastly, Hurdsman argues that the district court erred in denying his motion for an evidentiary hearing regarding a recorded telephone conversation he avers supports his claim that the State offered an 18-month plea deal.  However, even if the recorded call supports Hurdsman's claim of deficient performance, the state court's conclusion he suffered no prejudice is not unreasonable.  Thus, we need not reach this issue.

Accordingly, we AFFIRM the district court's judgment.