## WILLIAM C.[1] *v.* COMMISSIONER OF CORRECTION (AC 31609)

Bishop, Lavine and Alvord, Js.

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Submitted on briefs October 15, 2010—officially released January 18, 2011

*Robert E. Byron*, special public defender, filed a brief for the appellant (petitioner).

*John A. Connelly*, state's attorney, and *Rita M. Shair* and *Angela R. Macchiarulo*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, William C., appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel had provided ineffective assistance. More specifically, the petitioner claims that there was merit to his claim of ineffective assistance of trial counsel because counsel failed to request a contemporaneous limiting instruction regarding the constancy of accusation testimony of six witnesses. We dismiss the appeal.

In 2005, following a jury trial, the petitioner was convicted of sexual assault in a spousal relationship in

violation of General Statutes § 53a-70b (b).[2] At trial, J, the petitioner's wife at the time of the incident, testified that the petitioner sexually assaulted her in the early morning hours of October 3, 2002. After J's testimony, several witnesses testified that J had told them that the petitioner had sexually assaulted her on October 3, 2002. The petitioner did not request a limiting instruction with respect to the constancy of accusation testimony at the time it was given. The court did, however, address the limited purposes for which such testimony could be considered in its final charge to the jury. This court affirmed the judgments of conviction on direct appeal. See *State* v. *William C.*, 103 Conn. App. 508, 930 A.2d 753, cert. denied, 284 Conn. 928, 934 A.2d 244 (2007).

The petitioner subsequently filed a petition for a writ of habeas corpus, in which he claimed that Michael Gannon, his trial counsel, had rendered ineffective assistance by failing to request that the jury be given a limiting instruction at the time of the testimony of each of the constancy of accusation witnesses.[3] In discussing the petitioner's claim, the habeas court first noted that the petitioner had been represented by Gannon and attorney Fanol Bojka at his criminal trial. Of the six constancy of accusation witnesses, Gannon cross-examined three of the witnesses, and Bojka cross-examined the remaining three. Neither attorney had

---

[2] The petitioner was also convicted of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), breach of the peace in the second degree in violation of General Statutes § 53a-181, threatening in the second degree in violation of General Statutes § 53a-62 (a) (1) and larceny in the sixth degree in violation of General Statutes § 53a-125b (a). *State* v. *William C.*, 103 Conn. App. 508, 510, 930 A.2d 753, cert. denied, 284 Conn. 928, 934 A.2d 244 (2007). The petitioner's issue on appeal pertains to his conviction of the charge of sexual assault in a spousal relationship.

[3] The petitioner's amended petition for a writ of habeas corpus included several other claims of ineffective assistance of trial counsel. The petitioner has not appealed from the habeas court's rulings on those additional claims.

requested a limiting instruction immediately prior to or following the constancy of accusation testimony. The ineffective assistance of counsel claim, however, is directed only to Gannon's representation.

The habeas court then concluded that the petitioner had not demonstrated that he had been prejudiced by Gannon's failure to request the limiting instructions even if the court had assumed that his performance had been deficient. The court reached this conclusion because the trial court had instructed the jury in its final charge as to the proper use of the constancy of accusation testimony. The habeas court indicated that there had been no showing that the jury failed to follow the court's instructions, and, therefore, the petitioner failed to prove ineffective assistance of counsel. Accordingly, the court denied the habeas petition and denied the petition for certification to appeal from the judgment. This appeal followed.

"We begin by setting forth the applicable standard of review. Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of

reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Earl G.* v. *Commissioner of Correction*, 106 Conn. App. 758, 760–61, 943 A.2d 1118, cert. denied, 288 Conn. 901, 952 A.2d 809 (2008).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *McClam* v. *Commissioner of Correction*, 98 Conn. App. 432, 436, 909 A.2d 72 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). "A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 89 Conn. App. 134, 139,

871 A.2d 1103, cert. denied, 275 Conn. 909, 882 A.2d 676 (2005).

With this standard in mind, we conclude that the habeas court correctly determined that the petitioner failed to demonstrate that his defense was prejudiced by Gannon's failure to request a limiting instruction immediately before or after the constancy of accusation testimony of the three witnesses that he cross-examined. Although the petitioner argues that an instruction at the end of trial does not redeem the error of failing to give a limiting instruction contemporaneously with the constancy of accusation testimony, he cites no Connecticut case law that supports his argument. In fact, our case law in this regard is to the contrary.

"[A]lthough it is acceptable for a trial court, in its discretion, to give a contemporaneous limiting instruction to the jury, there is no rule of practice or statutory requirement that the court must give such an instruction contemporaneously with the introduction of such testimony." *Lemoine* v. *Commissioner of Correction*, 73 Conn. App. 669, 676, 808 A.2d 1194 (2002), cert. denied, 262 Conn. 932, 815 A.2d 133 (2003). It is undisputed that the trial court did instruct the jury as to the proper use of constancy of accusation testimony in its final charge. Significantly, the petitioner has not claimed that the court's instruction on the use of constancy of accusation testimony was inadequate or contrary to law.[4] It

[4] The court's charge on constancy of accusation testimony included the following: "The complainant testified here in court before you. Her testimony in court you may use as evidence and proof of the facts asserted in that testimony and give it the weight you find is reasonable.

"The state offered evidence of out-of-court statements made by the complainant to other persons that the [petitioner] sexually assaulted her. These persons to whom she may have made such statements are [N], [H], [M], [K], [A] and [J]. Each of these people testified as to the statements the complainant made to each of them regarding the [petitioner] sexually assaulting her.

"This constancy of accusation evidence by each of these witnesses is admitted solely, remember this, solely to corroborate or not corroborate her testimony here in court.

is well established that "[t]he jury is presumed, in the absence of a fair indication to the contrary, to have followed the court's instructions." (Internal quotation marks omitted.) *State* v. *Wallace*, 290 Conn. 261, 276, 962 A.2d 781 (2009); *State* v. *McKenzie-Adams*, 281 Conn. 486, 544, 915 A.2d 822, cert. denied, 552 U.S. 888, 128 S. Ct. 248, 169 L. Ed. 2d 148 (2007).

Thus, in the context of this ineffective assistance of counsel claim, the absence of a limiting instruction at the time that the constancy of accusation testimony was presented did not prejudice the petitioner. In light of the foregoing conclusions, the petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserved encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

"The constancy of accusation testimony was allowed for the sole purpose of showing that the complainant made the statements to these individuals. These out-of-court constancy of accusation statements are not substantive evidence and are to be considered by you only in determining the weight and credibility you will accord the complainant's testimony given here in court. The evidence of the out-of-court statements by her of a sexual assault against her by the [petitioner] is not to be considered by you to prove the truth of the matter asserted in those out-of-court statements."

The court provided a copy of its written instructions to the jury as a court exhibit.