Coleman v. Ducate, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT: DENNIS JACOBS,
ROBERT D. SACK,
            Circuit Judges,
PAUL A. ENGELMAYER,
            District Judge.[1]

- - - - - - - - - - - - - - - - - - - -X

WILLIAM B. COLEMAN,
        Plaintiff-Appellant,

        -v.-                                16-487

SUSAN DUCATE, M.D., EDWARD BLANCHETTE, M.D., SCOTT ERPHY, BRIAN MURPHY, and PETER MURPHY,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

---

[1] Judge Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**               WILLIAM S. PALMIERI, New Haven, CT.

**FOR APPELLEES:**               LYNN D. WITTENBRINK, Assistant
                                 Attorney General, for George
                                 Jepsen, Attorney General,
                                 Farmington, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Squatrito, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

William B. Coleman appeals from the judgment of the United States District Court for the District of Connecticut (Squatrito, J.), denying his motion to reopen his case and his motion for the reconsideration of that denial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Coleman, a British citizen, was convicted of multiple crimes at trial in 2005, see State v. William C., 103 Conn. App. 508, 510 (2007), and was a relatively prolific litigant while incarcerated, see, e.g., William C. v. Commissioner, 126 Conn. App. 185 (2011); Coleman v. Semple, No. 3:11-cv-512 (JBA), 2012 WL 2515541 (D. Conn. 2012); Coleman v. Blanchette, No. 3:11-cv-1632 (WIG), 2012 WL 3822022 (D. Conn. 2012); Coleman v. Waterbury States Attorneys Office, No. UWYCV125016284, 2012 WL 6634609 (Conn. Super. Ct. Nov. 27, 2012). In January 2013, he filed (pro se) the complaint in the present case, alleging various forms of mistreatment at the hands of prison officials dating to 2007.

The March 2013 order granting Coleman leave to proceed in forma pauperis warned him that failure to notify the court of an address change could result in dismissal. In June 2013, the district court issued its initial review order, dismissing some claims and allowing others to proceed. That order, too, warned Coleman that failure to notify the court of an address change could result in dismissal.

In June 2014, Coleman was discharged from state custody and deported to the United Kingdom. Mail sent by the court shortly thereafter was returned as undeliverable with a notation that Coleman was no longer in custody. On July 28, 2014, the district court dismissed the case without prejudice, noting that Coleman could move to reopen if he provided his current address and demonstrated good cause for having failed to do so earlier.

On April 16, 2015--ten months after Coleman's discharge from state custody and eleven months after his last activity in this case--Attorney William S. Palmieri filed an appearance. A motion to reopen the case followed four months after that, on August 17, 2015. The district court denied the motion, observing that although Coleman's deportation "may well have constituted good cause in July 2014," App'x 14, it did not excuse the delay of more than a year--or the four months of delay that followed the appearance of counsel. The district court also denied Coleman's subsequent motion for reconsideration.

However it may be styled, a motion to reopen a case that was closed by an earlier order is, in effect, a motion for relief from an order under Rule 60 of the Federal Rules of Civil Procedure. We review the denial of Rule 60 motions (and motions for reconsideration) for abuse of discretion. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). We also review for abuse of discretion a district court's exercise of its inherent power, formalized by Rule 41(b), to dismiss for failure to comply with an order or for failure to prosecute. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009). A court abuses its discretion when its "decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or when its ruling cannot be located within the range of permissible decisions." Id. (quotation marks omitted).

Coleman identifies no such error of law or clearly erroneous finding of fact, and his arguments that the district court's rulings cannot be located within the range of permissible decisions are unpersuasive. Coleman was twice warned that he must apprise the court of any change in address. His discharge from state custody and removal to the United Kingdom might well constitute good cause for some period of delay, but it does not account for the actual length of the delay in this case and he

3

offers no further justification for it.  Nor does he offer any plausible explanation for the four-month period of inactivity between the appearance of counsel and the motion to reopen.  From the last activity before Coleman was discharged until the filing of the motion to reopen, fifteen months elapsed without any substantive action in this case on the part of the plaintiff.  The district court's ruling that the plaintiff failed to demonstrate good cause for delay sufficient to warrant reopening the case was within the range of permissible decisions.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4