ROBINSON, J.
**607 The sole issue in this certified appeal is whether a criminal defendant received the effective assistance of counsel at his trial when his attorney failed to request (1) a limiting instruction contemporaneous with testimony about prior, uncharged sexual misconduct, and (2) the inclusion of language in the trial court's final charge limiting the use of that testimony to the issue of propensity. The respondent, the Commissioner of Correction (commissioner), appeals, upon our grant of his petition for certification, from the judgment of the Appellate Court, which remanded the case to the habeas court, in part, for a new trial on the amended petition for a writ of habeas corpus filed by the petitioner, Denis Hickey.[1] Hickey v. Commissioner of Correction , 162 Conn. App. 505, 524, 133 A.3d 489 (2016). On appeal, the commissioner contends that the Appellate Court improperly created a per se rule requiring defense counsel, upon the introduction of prior, uncharged sexual misconduct evidence, to ask for a contemporaneous limiting instruction and a final charge restricting the use of such evidence to propensity and, in so doing, failed to hold the petitioner to his burden of proof under Strickland v. Washington , 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The commissioner also contends that, after concluding that the habeas court improperly *718 analyzed prejudice, the Appellate Court should have engaged in a plenary review of the evidence in the record and determined that the petitioner had **608 failed to prove prejudice. We agree with the commissioner, and conclude that even if we assume, without deciding, that the performance of the petitioner's trial counsel was deficient, the petitioner failed to prove prejudice. We therefore conclude that the petitioner cannot prevail on his claim of ineffective assistance of trial counsel and, accordingly, reverse in part the judgment of the Appellate Court.
The opinion of the Appellate Court sets forth the relevant facts and procedural history. "In June, 2009, the petitioner was convicted of one count of sexual assault in the first degree in violation of General Statutes [Rev. to 2001] § 53a-70 (a) (2) and one count of risk of injury to a child in violation of General Statutes [Rev. to 2001] § 53-21 (a) (2).... At trial, the jury reasonably could have found that the petitioner digitally penetrated the anus of his then girlfriend's five year old daughter (victim)[2] while she and her family were living with the petitioner.... The petitioner was sentenced to a term of thirty years in the custody of the respondent, execution suspended after twenty years, and thirty-five years of probation." (Citations omitted; footnotes added and omitted.) Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 506-507, 133 A.3d 489 ; see also State v. Hickey , 135 Conn. App. 532, 535-36, 43 A.3d 701, cert. denied, 306 Conn. 901, 52 A.3d 728 (2012).
"Prior to trial, the state gave notice that it would present evidence of the petitioner's prior, uncharged sexual misconduct through the testimony of R.N., a cousin of the petitioner's former wife. [The petitioner's trial] counsel filed a motion in limine with respect to **609 R.N.'s proffered testimony,[3] arguing that the difference in age between the victim and R.N. was too great for them to be similar, that their relationships with the petitioner were dissimilar, and that the events were not proximate in time.... After analyzing the proffer under the [three prong test set forth in State v. DeJesus , 288 Conn. 418, 441, 953 A.2d 45 (2008) ] the trial court ruled that the state could present R.N.'s proffered testimony.[4] ... At the time R.N. testified in accordance *719 with the proffer, the [trial] court did not provide a cautionary instruction to the jury.
"Prior to the conclusion of evidence, [the petitioner's] trial counsel submitted a request to charge that included a charge on prior, uncharged misconduct. The petitioner's request to charge stated in relevant part: 'You have also heard testimony in this case about what is called uncharged misconduct. In criminal cases which contain charges such as those in this trial, evidence of a defendant's commission of another offense or offenses may be admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence **610 of a prior offense on its own is not sufficient to prove [the petitioner] guilty of the crimes charged in this trial. Bear in mind as you consider this evidence that at all times the state has the burden of proving beyond a reasonable doubt that [the petitioner] committed each of the elements of the offenses charged in this trial. I remind you that [the petitioner] is not on trial for any act, conduct or offense not charged in the information for this case.'[5] **611 *720 "The trial court charged the jury with respect to prior, uncharged sexual conduct as follows. 'In a criminal case in which the defendant is charged with a crime exhibiting aberrant and compulsive criminal sexual behavior, evidence of the defendant's commission of another offense or offenses is admissible and may be considered for its bearing on any matters to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the ... crimes charged in the information. Bear in mind, as you consider this evidence that at all times, the state has the burden of proving that the defendant committed each of the elements of the offense charged in the information. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the information.'[6]
"Following his conviction, the petitioner appealed claiming, in part, that the trial court abused its discretion **612 by admitting evidence of his prior, uncharged sexual misconduct involving another minor.... The petitioner argued that the ages of the victim and R.N. were not similar and the time of the alleged misconduct involving R.N. and the manner in which it occurred were not similar to the petitioner's sexual assault on the victim.... [The Appellate Court] concluded, after distinguishing the cases cited by the petitioner in his brief, that the trial court did not abuse its discretion by admitting R.N.'s testimony under DeJesus .... On direct appeal, the petitioner did not claim that the trial court improperly instructed the jury with respect to prior, uncharged misconduct." (Citations omitted; footnotes in original.) Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 510-14, 133 A.3d 489 ; see State v. Hickey , supra, 135 Conn. App. at 543-48, 43 A.3d 701.
After the petitioner's conviction was affirmed on direct appeal, the petitioner's appointed habeas counsel amended a habeas petition that the petitioner had previously filed as a self-represented party. Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 515, 133 A.3d 489. The amended petition alleged in relevant part that the petitioner's trial counsel "rendered deficient performance by 'fail[ing] to ask the trial judge to instruct the jury concerning prior bad acts and the uses a jury could make of them immediately after the evidence was introduced'; 'fail[ing] to object to an inadequate jury instruction concerning evidence of prior uncharged conduct introduced at trial'; and 'fail[ing] to posit an adequate jury instruction that would limit the use of the evidence to the issue of propensity and one that would instruct the jury on the uses of bad character as a tendency to commit criminal acts in general.' The amended petition also alleged in relevant part ... that appellate counsel rendered ineffective assistance by failing to 'raise the deficient jury instruction on appeal ....'
**613 "In its memorandum of decision, the habeas court made the following relevant factual findings and legal conclusions. With respect to the petitioner's trial counsel, the court found that he filed a motion in limine to preclude R.N.'s testimony, which was *721 denied by the trial court. During trial, however, trial counsel did not ask the court to provide a cautionary instruction to the jury immediately prior to or after R.N. testified about the petitioner's prior, uncharged sexual misconduct. Moreover, the habeas court found that trial counsel's request to charge as to prior, uncharged sexual misconduct did not limit the use of such evidence to the issue of propensity. The habeas court found that the only instruction the trial court gave the jury with respect to the uncharged misconduct came after the close of evidence and before the case went to the jury, and that the instruction 'did not limit the use of the evidence to the issue of propensity.' The habeas court concluded that trial counsel's failure to request the appropriate cautionary jury instruction at the proper times constituted deficient performance.
"The habeas court also found that the petitioner had satisfied his burden of demonstrating prejudice because 'there is a reasonable probability that the outcome of the proceedings would have been different had it not been for [the] deficient performance [of petitioner's trial counsel].' The habeas court quoted the summary of R.N.'s testimony as set forth in the concurring opinion of State v. Hickey , supra, 135 Conn. App. at 559, 43 A.3d 701, but it did not refer to other evidence presented at the petitioner's criminal trial. Rather, the habeas court concluded that in DeJesus , [the court] 'stressed that it was adopting "a limited exception to the prohibition on the admission of uncharged misconduct evidence in sexual assault cases to prove that the defendant had a propensity to engage in aberrant and compulsive criminal sexual behavior" ... and "to minimize the risk of undue **614 prejudice to the defendant, the admission of evidence of uncharged sexual misconduct under the limited propensity exception adopted ... must be accompanied by an appropriate cautionary instruction to the jury ...." ' The habeas court stated that 'while the court's instruction in the petitioner's case was based on language from DeJesus , it did not follow all of the timing and content requirements of a cautionary instruction repeatedly set forth [in DeJesus ]. Given the impact this uncharged sexual misconduct evidence likely had in the petitioner's case, the court finds that there is a reasonable probability that the outcome of the proceedings would have been different had it not been for [the] deficient performance [of the petitioner's trial counsel].' ... The court, therefore, granted the petition for a writ of habeas corpus on the ground of ineffective assistance of trial counsel." (Citations omitted; emphasis in original.) Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 515-17, 133 A.3d 489 ; see also State v. DeJesus , supra, 288 Conn. at 473-74, 953 A.2d 45. The habeas court also granted the petitioner's habeas petition on the ground that the petitioner's appellate counsel rendered ineffective assistance by failing to challenge on direct appeal the trial court's uncharged sexual misconduct jury instruction. Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 517, 133 A.3d 489. The commissioner subsequently filed a petition for certification to appeal, which the habeas court granted. Id., at 518, 133 A.3d 489.
The commissioner then appealed to the Appellate Court, claiming, inter alia, that the habeas court improperly determined that the petitioner's trial counsel "rendered ineffective assistance because ... the petitioner did not establish that trial counsel did not have a reasonable strategic reason for not requesting a limiting instruction at the time of R.N.'s testimony ... the trial court's instruction was consistent with DeJesus and [trial] counsel reasonably could have chosen not to **615 request that the instruction limit the use of the evidence to propensity, and ... any deficiency did not prejudice the petitioner *722 ...."[7] Id. The Appellate Court agreed with the habeas court that trial counsel's performance was deficient, explaining that, "the habeas court properly could have concluded pursuant to State v. DeJesus , supra, 288 Conn. 418, 953 A.2d 45, that [trial] counsel's failure to request a [limiting instruction] at the time R.N. testified and a propensity jury instruction ... could not have been sound trial strategy as a matter of law."[8] Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 519, 133 A.3d 489. The Appellate Court, however, agreed with the commissioner's argument that the habeas court had improperly analyzed prejudice. Id., at 518, 133 A.3d 489. The Appellate Court explained that the habeas court did not substantiate its conclusion that the petitioner suffered prejudice from trial counsel's deficient performance "with a factual analysis of how the trial court's failure to give a cautionary instruction at the time R.N. testified and to give a propensity instruction at the close of evidence misled the jury, or resulted in **616 an unfair trial or reasonable doubt as to the petitioner's guilt." Id., at 520, 133 A.3d 489. Importantly, the Appellate Court explained that the habeas court "did not assess the charge in the context of the state's evidence or the final arguments of counsel." Id., at 521, 133 A.3d 489. Finally, the Appellate Court noted that the charge given by the trial court conformed to the example set forth in State v. DeJesus , supra, at 474 n.36, 953 A.2d 45[9] and the model provided on the Judicial Branch website. Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 522, 133 A.3d 489. The Appellate Court then reversed the judgment of the habeas court and remanded the case for *723 further proceedings on the question of whether the deficient performance of the petitioner's trial counsel resulted in prejudice. Id., at 524, 133 A.3d 489. This certified appeal followed. See footnote 1 of this opinion.
On appeal, the commissioner claims that the Appellate Court improperly determined that the conduct of the petitioner's trial counsel could not have been sound trial strategy as a matter of law. The commissioner also claims that, after concluding that the habeas court improperly analyzed prejudice, the Appellate Court should have reviewed the record, determined that the petitioner failed to meet his burden of proving prejudice, and remanded the case to the habeas court with direction to render judgment denying the petition on **617 that claim, rather than ordering a new habeas trial on the issue of prejudice. The petitioner disagrees and argues that the Appellate Court properly determined that the conduct of his trial counsel was not sound trial strategy as a matter of law. Additionally, although the petitioner concedes that the Appellate Court improperly remanded the case to the habeas court, he nevertheless contends that the Appellate Court should have concluded that he did establish prejudice. We agree with the commissioner and conclude that even if we assume, without deciding, that the performance of petitioner's trial counsel was deficient, the petitioner failed to prove prejudice.
We begin by setting forth the applicable standard of review. The issue of whether the representation that a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. Strickland v. Washington , supra, 466 U.S. at 698, 104 S.Ct. 2052. As such, the question requires plenary review "unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) Gonzalez v. Commissioner of Correction , 308 Conn. 463, 470, 68 A.3d 624, cert. denied sub nom. Dzurenda v. Gonzalez , 571 U.S. 1045, 134 S.Ct. 639, 187 L.Ed. 2d 445 (2013).
"The sixth amendment provides that in all criminal prosecutions, the accused shall enjoy the right to the effective assistance of counsel. U.S. Const., amend. VI. This right is [made applicable] to the states through the due process clause of the fourteenth amendment. See U.S. Const., amend. XIV, § 1 ; Gideon v. Wainwright , 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). Strickland ... set[s] forth the framework for analyzing ineffective assistance of counsel claims. Under the two-pronged Strickland test, a defendant can only prevail on an ineffective assistance of counsel claim if he proves that (1) counsel's performance was deficient, and (2) the deficient performance resulted in actual **618 prejudice. Strickland v. Washington , supra, 466 U.S. at 687, 104 S.Ct. 2052." Davis v. Commissioner of Correction , 319 Conn. 548, 554-55, 126 A.3d 538 (2015), cert. denied sub nom. Semple v. Davis , --- U.S. ----, 136 S.Ct. 1676, 194 L.Ed. 2d 801 (2016). It is well settled that "[a] court can find against a petitioner, with respect to a claim of ineffective assistance of counsel, on either the performance prong or the prejudice prong, whichever is easier." Michael T. v. Commissioner of Correction , 307 Conn. 84, 91, 52 A.3d 655 (2012).
"As we have previously indicated, to satisfy the prejudice prong-that his trial counsel's deficient performance prejudiced his defense-the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.... The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal.... In *724 order to demonstrate such a fundamental unfairness or miscarriage of justice, the petitioner should be required to show that he is burdened by an unreliable conviction." (Citations omitted; internal quotation marks omitted.) Id., at 101-102, 52 A.3d 655. As the United States Supreme Court has explained, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v. Washington , supra, 466 U.S. at 691, 104 S.Ct. 2052. Moreover, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.... [A] court making the prejudice inquiry must ask if the [petitioner] has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id., at 695-96, 104 S.Ct. 2052.
As a preliminary matter, we note that we agree with both the petitioner and the commissioner that, after **619 concluding that the habeas court improperly analyzed prejudice, the Appellate Court should have engaged in a plenary review of the evidence in the record to resolve the commissioner's claim that the petitioner failed to satisfy his burden of proving prejudice as a matter of law, rather than remanding the case for a new habeas trial. On appeal to the Appellate Court, the commissioner did not challenge any of the factual findings made by the habeas court. Rather, the commissioner challenged the legal sufficiency of the habeas court's prejudice analysis and claimed that, applying the correct legal standard to the facts found by the habeas court and the evidence in the record of the underlying criminal trial, the petitioner could not establish prejudice from trial counsel's deficient performance. Given that the habeas court relied on facts from the criminal trial and its own, undisputed historical factual findings, the Appellate Court had no reason to remand the case to the habeas court to conduct a proper prejudice analysis that the Appellate Court itself could have performed. See, e.g., Taylor v. Commissioner of Correction , 324 Conn. 631, 637, 153 A.3d 1264 (2017) ("[t]he application of historical facts to questions of law that is necessary to determine whether the petitioner has demonstrated prejudice ... is a mixed question of law and fact subject to our plenary review" [citation omitted] ).
A review of the record in the present case leads us to the conclusion that any of the alleged errors by the petitioner's trial counsel did not deprive the petitioner of a fair trial. We first address the question of whether trial counsel's failure to request a propensity-only instruction in the court's final charge was prejudicial. The petitioner bears the burden of establishing that it is reasonably probable that, had such an instruction been given, it is reasonably likely that the result of the trial would have been different. See Strickland v. Washington , supra, 466 U.S. at 696, 104 S.Ct. 2052. The petitioner has **620 failed to meet that burden. Cf. State v. Flores , 301 Conn. 77, 93, 17 A.3d 1025 (2011) ("Individual jury instructions should not be judged in artificial isolation ... but must be viewed in the context of the overall charge.... The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law.... Thus, [t]he whole charge must be considered from the standpoint of its effect on the [jurors] in guiding them to the proper verdict ... and not critically dissected in a microscopic search for possible error.... [W]e must consider whether the instructions [in totality] are sufficiently correct in law, adapted to the issues and ample for the guidance of the jury." [Internal quotation marks omitted.] ). *725 The instruction given in this case by the trial court at the end of the trial noted that "evidence of the defendant's commission of another offense or offenses is admissible and may be considered for its bearing on any matters to which it is relevant." (Internal quotation marks omitted.) Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 513, 133 A.3d 489. This instruction, however, was limited by the court's instructions that the jury could not find the petitioner guilty solely on the basis of the prior misconduct testimony, that it must find that the state had proven each element of the charged offenses, and that the petitioner was not on trial for the uncharged conduct.[10] Id. These instructions, read as a whole and considered in conjunction with the court's general instructions on the presumption of innocence, the elements of the crimes charged, and the state's burden of proving those elements beyond a **621 reasonable doubt, were legally correct and sufficient to limit any prejudicial effect of the uncharged sexual misconduct testimony. Given that, under DeJesus , the jury was permitted to use the evidence for propensity purposes, the language contained in the final charge-which mirrored, almost exactly, the language set forth in State v. DeJesus , supra, 288 Conn. at 474 n.36, 953 A.2d 45 -provided sufficient legal guidance for the jury such that it is not reasonably likely that the result of the trial would have been different.
We note that, in other contexts, it is important to direct a jury not to use prior, uncharged misconduct evidence as proof of propensity. These circumstances include when the evidence of prior, uncharged misconduct is admitted to prove, among other things, intent, identity, or motive. See Conn. Code Evid. § 4-5 (c). In such cases, the timing and the precise wording of the instruction are most important when testimony is presented for a limited use. When, as in the present case, testimony is offered for the broader purpose of propensity, however, the timing and precise wording of the limiting instruction are less important. Moreover, we have stated in other contexts that, "[w]hile a request to charge that is relevant to the issues in a case and that accurately states the applicable law must be honored, a [trial] court need not tailor its charge to the precise letter of such a request.... If a requested charge is in substance given, the [trial] court's failure to give a charge in exact conformance with the words of the request will not constitute a ground for reversal." (Internal quotation marks omitted.) State v. Baltas , 311 Conn. 786, 808-809, 91 A.3d 384 (2014). Likewise, in the present case, because we conclude that the charge given by the trial court adequately conveyed to the jury the proper use of the prior, uncharged sexual misconduct testimony, trial counsel's failure to request specific propensity language is not a sufficient ground to disturb **622 the petitioner's conviction. Moreover, had the trial court emphasized that the testimony could be used for propensity, it is likely that this would have hurt the petitioner's case because, the instruction, as given, did not specifically advise the jury that it could find that the petitioner had a propensity to sexually assault young girls. Thus, far from establishing prejudice, the omission of the word "propensity" from the instruction likely inured to the benefit of the petitioner.
We next consider whether trial counsel's failure to request, and the trial *726 court's failure to provide, a contemporaneous jury instruction was prejudicial. We conclude that this did not prejudice the petitioner because, as we have already explained, the court's final charge admonished the jury that it could not find the petitioner guilty solely on the basis of the prior, uncharged sexual misconduct testimony, that it must find that the state had proven each element of the charged offenses, and that the petitioner was not on trial for the uncharged conduct. Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 513, 133 A.3d 489. The jury is presumed to have followed these instructions. See, e.g., State v. McKenzie-Adams , 281 Conn. 486, 544, 915 A.2d 822 ("[t]he jury is presumed, in the absence of a fair indication to the contrary, to have followed the court's instructions" [internal quotation marks omitted] ), cert. denied, 552 U.S. 888, 128 S.Ct. 248, 169 L.Ed. 2d 148 (2007). Accordingly, although the petitioner should have received a contemporaneous instruction pursuant to DeJesus ,[11] we conclude that the trial counsel's failure to request one was not likely to affect the outcome of the trial.[12] See **623 William C. v. Commissioner of Correction , 126 Conn. App. 185, 191, 10 A.3d 115 (trial court's final instruction properly charged jury, and because jury is presumed to follow court's instructions, failure to give contemporaneous charge regarding constancy of accusation testimony did not prejudice petitioner), cert. denied, 300 Conn. 922, 14 A.3d 1007 (2011).
We further note that, in concluding that the absence of a contemporaneous limiting instruction and propensity language in the final charge caused the petitioner prejudice, the habeas court failed to assess the alleged deficiencies in the context of the state's evidence or the final arguments of counsel. The state's case was relatively strong. The state relied on evidence corroborating the assault, such as physical evidence of hymenal scarring, and evidence that the victim suffered from post-traumatic stress. Moreover, a pediatric nurse-practitioner and forensic medical examiner for child abuse testified that, during her examinations of the victim, the victim "made repeated spontaneous disclosures that the [petitioner] had touched her in the areas that [the nurse-practitioner] was examining." State v. Hickey , supra, 135 Conn. App. at 536, 43 A.3d 701. When viewed in the context of all of the evidence offered at trial, the alleged deficient performance in the present case does not establish that it is reasonably likely that there would have been a different result at the petitioner's criminal trial. See Anderson v. Commissioner of Correction , 313 Conn. 360, 377, 98 A.3d 23 (2014) ("a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support" [internal quotation marks omitted **624 ] ), cert. denied sub nom. *727 Anderson v. Semple , --- U.S. ----, 135 S.Ct. 1453, 191 L.Ed. 2d 403 (2015). Accordingly, because we conclude that the petitioner was not prejudiced by any alleged deficient performance of his trial counsel, the petitioner cannot prevail on his ineffective assistance of counsel claim.
The judgment of the Appellate Court is reversed insofar as the case was remanded for further proceedings on the petitioner's claim of ineffective assistance of trial counsel, and the case is remanded to that court with direction to remand the case to the habeas court to render judgment denying the amended habeas petition as to that claim; the judgment of the Appellate Court is affirmed in all other respects.
In this opinion the other justices concurred.

We granted the commissioner's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court properly determine that the conduct of the petitioner's attorney at his criminal trial was not sound trial strategy 'as a matter of law?' " And (2) "[i]f the answer to the first question is in the affirmative, did the Appellate Court properly remand the matter to the habeas court for a new hearing rather than engaging in plenary review of the prejudice prong of Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ?" Hickey v. Commissioner of Correction , 323 Conn. 914, 914-15, 149 A.3d 498 (2016).

In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify victims or others through whom their identities may be ascertained. See General Statutes § 54-86e ; see also Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 507 n.1, 133 A.3d 489.

"R.N., a cousin of the petitioner's spouse at the time, testified that she [babysat] for the petitioner's children in the spring or summer of 1999, when she was twelve or thirteen years old.... She testified that the petitioner 'touched her on three separate occasions while she was sleeping at the [petitioner's] house.' ... R.N. frequently [babysat] at night and slept in her clothes on the couch. The first time the petitioner touched R.N., she was sleeping on the couch when she woke up and saw the petitioner's hand on her breast. The second time the petitioner touched R.N., she woke up and found that the petitioner's hand was 'down her pants' in the area of her vagina and her 'jeans were unbuttoned and unzipped.' In each of the first two instances, R.N. rolled over, and the petitioner retreated to his room. The third time the petitioner touched R.N., she awoke and found the petitioner's hand in her underwear, in her vagina. When she rolled over, the petitioner ran his hand down her leg and asked if she was cold. He then put more pellets in the pellet stove." (Citations omitted.) Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 511 n.6, 133 A.3d 489.

"[The petitioner's trial] counsel objected to R.N.'s testimony regarding the petitioner's prior, uncharged sexual misconduct." Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 511 n.7, 133 A.3d 489.

"[T]he record [contains] the following colloquy ... regarding the [trial] court's proposed charge.
" 'The Court: All right. And then we go to the issue of the-I will term it the DeJesus charge on propensity evidence. I know that in chambers the defense had an objection to some of the language.
" '[Defense Counsel]: Yes, Your Honor, specifically, to the aberrant and compulsive behavior language. I have requested that in criminal cases, which contain charges such as those in this trial, evidence of the defendant's commission of another offense may be considered and so forth. My objection is to the compulsive language-aberrant and compulsive criminal sexual behavior because that modifies in a criminal case in which the defendant is charged ... with one-two offenses, but one incident here. I don't think that qualifies as compulsive, Your Honor.
" 'The Court: Does the state want to be heard?
" '[The Prosecutor]: Well, this is obviously new ground, and this is the DeJesus instruction-the canned instruction that's recommended by the [Judicial Branch] website, and so because it's such a new area, the state would ask the court to follow the [Judicial Branch] website.
" 'I would point out, I guess, that it is equally plausible for the jury to consider that the crime with which the defendant is charged is not aberrant and compulsive and so it almost allows them to make the decision that it's not aberrant and compulsive and therefore they can disregard all the misconduct evidence. That's perhaps another reading of that, which inures to the defendant's benefit.
" '[Defense Counsel]: Well, if I may, Your Honor, I believe the instruction as offered here, or as proposed here, labels this as aberrant and compulsive criminal behavior.
" 'The Court: Well, they say a crime exhibiting aberrant and compulsive sexual behavior. [I]t is uncharted territory, this is the language that came from the case. I think the case, in terms of-it was one-it was one victim, I know there were-obviously, there was prior misconduct evidence, but it wasn't as if there were multiple offenses, it was one offense of kidnapping and sexual assault, I think, in ... DeJesus . So they allowed this language to come from that fact pattern. So the court is going to allow it to stand.
" '[Defense Counsel]: Again, objection, Your Honor.'
"[T]he model jury instruction regarding evidence of prior, uncharged sexual misconduct states: 'When the defendant is charged with criminal sexual behavior, evidence of the defendant's commission of another offense or offenses is admissible and may be considered if it is relevant to prove that the defendant had the propensity or a tendency to engage in the type of criminal sexual behavior with which [he or she] is charged. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the information. Bear in mind as you consider this evidence that at all times, the state has the burden of proving that the defendant committed each of the elements of the offense charged in the information. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the information.' Connecticut Criminal Jury Instructions (4th Ed. Rev. 2015) § 2.6-13, available at http://www.jud.ct.gov/ji/Criminal/part2/2.6-13.htm (last visited January 15, 2016).
" 'The phrase "aberrant and compulsive sexual behavior" was changed to "criminal sexual behavior." The latter phrase was thought to be more neutral and less prejudicial.' " Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 512-13 n.8, 133 A.3d 489.

"We note a transcription error in the habeas court's memorandum of decision regarding the [trial] court's charge. The memorandum of decision states 'may be considered for its bearing on any matter to which it is not relevant.' " (Emphasis in original.) Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 513 n.9, 133 A.3d 489.

The commissioner also claimed that the habeas court improperly concluded that the petitioner's appellate counsel rendered ineffective assistance. Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 518, 133 A.3d 489. The Appellate Court agreed with the commissioner and concluded that the "habeas court ... improperly determined that the petitioner's appellate counsel rendered deficient performance that prejudiced the petitioner." Id., at 524, 133 A.3d 489. Thus, the Appellate Court reversed the judgment of the habeas court with respect to the claims regarding the performance of the petitioner's appellate counsel. Id. The performance of the petitioner's appellate counsel is not, however, at issue in this certified appeal. See footnote 1 of this opinion.

We note that the Appellate Court, whose decision was released on January 26, 2016, originally remanded the case to the habeas court for further proceedings on the question of prejudice and declined to address whether the petitioner had failed to prove deficient performance. See Connecticut Law Journal, Vol. 77, No. 30 (January 26, 2016) pp. 16A, 22A. The commissioner subsequently filed a motion for reconsideration, asking the Appellate Court to address the merits of both issues. On July 26, 2016, the Appellate Court modified its original opinion to address deficient performance, but left its remand on the question of prejudice unaltered. See Connecticut Law Journal, Vol. 78, No. 4 (July 26, 2016) pp. vi, xii.

In DeJesus , this court noted "that the following instruction regarding the admission of evidence of uncharged misconduct under rule 413 of the Federal Rules of Evidence... has been approved by the Tenth Circuit Court of Appeals: 'In a criminal case in which the defendant is [charged with a crime exhibiting aberrant and compulsive criminal sexual behavior], evidence of the defendant's commission of another offense or offenses ... is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the [information]. Bear in mind as you consider this evidence [that] at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the [information]. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the [information].' " State v. DeJesus , supra, 288 Conn. at 474 n.36, 953 A.2d 45.

Moreover, we note that, during closing arguments, the prosecutor further narrowed the state's use of the prior, uncharged sexual misconduct testimony by explaining that R.N.'s testimony demonstrated that the petitioner had a propensity to target young girls and to digitally penetrate them.

In DeJesus , this court explained that, "prior to admitting evidence of uncharged sexual misconduct under the propensity exception adopted ... the trial court must provide the jury with an appropriate cautionary instruction regarding the proper use of such evidence." State v. DeJesus , supra, 288 Conn. at 477, 953 A.2d 45.

We note that the petitioner claims that the Appellate Court "appropriately affirmed [the] habeas court's determination that, had a contemporaneous instruction been properly given ... the outcome of the trial would have been different." (Citation omitted.) The Appellate Court made no such conclusion; rather, it concluded that "the [habeas] court failed to provide an analysis of prejudice the petitioner sustained as a consequence of trial counsel's deficient performance," and remanded the case for further proceedings on that issue. Hickey v. Commissioner of Correction , supra, 162 Conn. App. at 524, 133 A.3d 489.